22067

William J. CRAFT, III, Respondent, v. STATE of South Carolina, Appellant.
(314 S. E. (2d) 330)

Supreme Court

---

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Donald J. Zelenka* and *Staff Atty. Sally M. Rentiers,* Columbia, *for appellant.*

*Asst. Appellate Defender Tara D. Shurling,* of *S. C. Commission of Appellate Defense,* Columbia, and *Charlton deSaussure, Jr.,* Charleston, *for respondent.*

March 26, 1984.

GREGORY, Justice:

Respondent William J. Craft, III, pled guilty to housebreaking and was sentenced under the Youthful Offenders Act, S. C. Code Ann. § 24-19-50(c) (1976), for an indeterminate term not to exceed two years. Approximately three years later, Craft petitioned for post conviction relief alleging the Youthful Offender Division was holding him unlawfully beyond his two year sentence. After a hearing, the trial court ordered his release. We reverse.

Section 24-19-50(c) of the Code provides that an offender under the age of twenty-one may be sentenced "indefinitely to the custody of the Department [of Corrections] for treatment and supervision pursuant to this chapter until discharged by the [Youthful Offender] Division, the period of such custody not to be in excess of six years."

The State contends the court erred in releasing Craft because the Division did not have to conditionally release Craft until four years after the date of his plea, and did not have to unconditionally release him until six years after the date of his plea, pursuant to § 24-19-120 of the Code. The State further contends the circuit court cannot sentence a youthful offender for a definite term under § 24-19-50(c), as that section vests control over the treatment and ultimate disposition of a youthful offender in the Division.

Craft contends § 24-19-50(c) does not preclude the circuit court from sentencing a youthful offender for an indeterminate period of time for less than six years. Craft also contends the State's interpretation of § 24-19-50(c) is violative of equal protection in that a youthful offender sentenced under that section may receive a sentence in excess of the maximum he might have received if sentenced as an adult under § 24-19-50(d).

The purpose of the Youthful Offenders Act is to provide treatment and supervision designed to correct the anti-social tendencies of youthful offenders so as to protect the public. Clearly, the treatment and ultimate discharge of a youthful offender committed to the Youthful Offender Division of the Department of Corrections rests with the Division. §§ 24-19-30, 24-19-50(c). The circuit court has no discretion to

sentence a youthful offender to a determinate term under § 24-19-50(c).

All statutes are presumed constitutional and will, if possible, be construed as to render them valid. *See* cases collected in 6 West's South Carolina Digest, Constitutional Law, Key No. 48.

We conclude § 24-19-50(c) of the Code requires the circuit court to sentence a youthful offender to an indefinite term not to exceed six years or the maximum term prescribed if sentenced as an adult, whichever is less.

The circuit court sentenced Craft to "an indeterminate term not to exceed two years." The State asserts the phrase "not to exceed two years" is merely precatory and not mandatory upon the Department of Corrections. *See Bell v. Leeke*, 266 S. C. 563, 225 S. E. (2d) 188 (1976). We conclude Craft's sentence merely conveyed a recommendation to the Youthful Offender Division that Craft not be held beyond two years and did not direct the Division to release Craft after two years, when the purpose for which the circuit court sentenced him as a youthful offender had not been satisfied.

We hold § 24-19-50(c) did not require the Division to release Craft from custody until it determined the purpose for his commitment had been satisfied; however, the Division was required to conditionally release Craft on or before the expiration of four years from the date of his plea and unconditionally release him on or before the expiration of five years from the date of his plea, five years being the maximum sentence for housebreaking pursuant to § 16-11-320(2) of the Code.

We therefore reverse the order of the circuit court releasing Craft from custody.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.