## 23455

Carl LAST, Respondent v. MSI CONSTRUCTION COMPANY, INC., and
Travelers Insurance Company, Carrier, Appellants.

(409 S.E. (2d) 334)

Supreme Court

*John R. Tally* and *Mark T. Arden*, of *Sherrill and Rogers*, Columbia, *for appellants.*

*James E. Whittle, Jr.*, of *Johnson, Johnson, Maxwell, Whittle, Snelgrove & Weeks, P.A.*, Aiken, *for respondent.*

Heard June 13, 1991.

Decided Aug. 12, 1991.

GREGORY, Chief Justice:

This appeal is from a circuit court order reversing an order of the Workers' Compensation Commission that disallowed benefits. We affirm.

Respondent (Claimant) injured both feet and his left hand in an on-the-job accident on October 8, 1987. He began receiving temporary total benefits and medical treatment provided by his employer, appellant MSI Construction Company. On December 17, 1987, Claimant was incarcerated on unrelated criminal charges. He missed his scheduled appointment with his treating physician on December 22. Appellant Traveler Insurance Company (Carrier) stopped payment of compensation upon learning of Claimant's incarceration in February 1988.

After the fact, on April 5, 1988, Carrier filed a stop payment application with the Commission on the ground of refusal to accept medical treatment. A hearing was held on July 12, 1988. The Commissioner ruled Carrier erroneously stopped payment before a hearing was held and ordered Carrier to pay all temporary total benefits due to the date of the hearing. He found Claimant had not refused medical treatment and ordered the temporary total payments to continue until Claimant reached maximum medical improvement. The Commissioner further designated as treating physician a doctor available to Claimant while incarcerated.

On appeal, the full Commission reversed. It held Claimant was not entitled to receive temporary total payments because he had refused medical treatment and removed himself from the job market. The Commission concluded Claimant's inabil-

ity to work resulted from his incarceration and not his work-related injury. It ordered him to reimburse Carrier for all payments made after April 5, the date Carrier filed its stop payment application.

On appeal, the circuit court reversed the order of the full Commission and reinstated the order of the single Commissioner. It held the Commissioner properly found Claimant did not refuse medical treatment. It further held that since the Commissioner had found Claimant was *unable* to return to work, the Commission, which did not reverse this finding, improperly concluded Claimant had refused employment. Carrier and Employer appeal.

Appellant argues that Claimant is not entitled to receive temporary total benefits for his work-related injury because his loss of capacity to earn wages is caused by his incarceration and not the injury. We disagree.

Under the Workers' Compensation Act, a claimant is entitled to compensation for a total disability resulting from a work-related injury. S.C. Code Ann. § 42-9-10 (Supp. 1990). "Disability" is statutorily defined as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." S.C. Code Ann. § 42-1-120 (1985). This Court has construed this statute in various contexts and held that the loss of earning capacity caused by the physical injury is the pertinent measure of compensable disability. *See, e.g., Shealy v. Algernon Blair, Inc.,* 250 S.C. 106, 156 S.E. (2d) 646 (1967); *Bowen v. Chiquola Mfg. Co.,* 238 S.C. 322, 120 S.E. (2d) 99 (1961); *Keeter v. Clifton Mfg. Co.,* 225 S.C. 389, 82 S.E. (2d) 520 (1954).

In *Hines v. Hendricks Canning Co.,* 263 S.C. 399, 211 S.E. (2d) 220 (1975), this Court allowed an employee temporary total benefits and rejected the carrier's argument that the claimant's loss of earning capacity was caused by his full-time attendance at school rather than his work-related injury. Thus, the fact that a claimant is unemployable for reasons other than his injury is not dispositive. The issue is whether a claimant has suffered some loss of earning capacity as a direct result of his work-related injury.

Appellants further rely on S.C. Code Ann. § 42-1-470 (1985) which provides:

> Except as otherwise specifically provided in this article, this Title shall not apply to State, county or municipal prisoners and convicts.[1]

Appellants argue claimant is precluded from receiving workers' compensation benefits for his pre-incarceration injury under § 42-1-470 because there is no statutory provision allowing an inmate to receive such benefits.

All statutes are presumed constitutional and will, if possible, be construed so as to render them valid. *Craft v. State*, 281 S.C. 205, 314 S.E. (2d) 330 (1984). Article 1, § 4, of the South Carolina Constitution forbids the automatic forfeiture of property rights upon conviction. *Weeks v. New York Life Ins. Co.*, 128 S.C. 223, 122 S.E. 586 (1924). We have previously recognized that entitlement to workers' compensation benefits constitutes a property interest. *Orszula v. Orszula*, 292 S.C. 264, 356 S.E. (2d) 114 (1987). We therefore decline to construe § 42-1-470 to unconstitutionally deprive an inmate of a property interest without due process of law.

Appellants next contend the record contains substantial evidence to support the Commission's findings that Carrier could stop payment because Claimant had refused medical care.

S.C. Code Ann. § 42-15-60 (1985) provides that an employee's refusal to accept the medical care provided by the employer bars him from compensation "until such refusal ceases." If the refusal is justified, however, a change in medical care may be allowed. Here, the Commission essentially ruled that Claimant's incarceration constituted a permanent refusal to accept the medical care provided by Employer.

We find this ruling unsupported by the record. Section 42-15-60 bars an employee from compensation only so long as his refusal continues. There is no evidence Claimant continued his failure to receive medical treatment once a physician was designated by the single Commissioner pursuant to § 42-15-60.

---

[1] As further provided in S.C. Code Ann. § 42-1-480 (1985), an inmate may receive workers' compensation benefits for a work-related injury which occurred while incarcerated only upon his release. *See also* S.C. Code Ann. § 42-1-500 (1985) (allowing county penal institutions to similarly elect workers' compensation benefits for prisoners in their custody) and § 42-1-505 (Supp. 1990) (allowing similar benefits for parolees).

Appellants further contend there is substantial evidence to support the Commission's finding Claimant refused employment. S.C. Code Ann. § 42-9-190 (1985) bars an employee from compensation if he refuses employment procured for him that is suitable to his capacity and approved by the Commission. S.C. Code Reg. 67-506 (1990) further provides that an employer may file a stop payment application if an employee refuses a suitable job *after his health care provider reports he has reached maximum medical improvement.* The record contains no evidence Claimant had reached maximum medical healing. We conclude the Commission's ruling Claimant refused employment is unsupported by the record in light of the requirement the employee first must have reached maximum medical healing.

We dispose of appellants' remaining exception pursuant to Supreme Court Rule 23. The judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.