2556

Julie Ann ORR, Appellant v. ELASTOMERIC PRODUCTS and Liberty Mutual Insurance Company, Respondents.
(474 S.E. (2d) 448)

Court of Appeals

*William L. Smith, II,* Columbia, *for appellant.*

*Daniel J. Ballou,* of *Kennedy, Covington, Lobdell & Hickman,* Rock Hill, *for respondent.*

Submitted Aug. 1, 1996.

Decided Aug. 19, 1996.

GOOLSBY, Judge:

Julie Ann Orr appeals a decision of the circuit court affirming an order of the workers compensation commission allowing Elastomeric Products and Liberty Mutual Insurance Company to stop payment of temporary total compensation. We reverse and remand.[1]

Orr injured her back in the course and scope of her employment on February 19, 1990, while lifting a box of parts. She received conservative treatment from an authorized orthopedic surgeon and ultimately underwent spinal surgery on August 23, 1993. Pursuant to an approved supplemental agreement for compensation, Orr received temporary total weekly compensation while continuing treatment following the surgery. She continued, however, to experience pain and other problems.

In May, 1994, Orr learned she was pregnant. She further alleged without contradiction the pregnancy was unexpected. At that time, she was still undergoing physical therapy and discontinued the treatment on the advice of her surgeon and physical therapists. Elastomeric filed an application to stop payment of Orr's temporary total compensation on the ground Orr had reached maximum medical improvement. Elastomeric also requested credit for all temporary total compensation it had paid from the date Orr discontinued her treatment.

The single commission determined Orr had reached maximum medical improvement on June 16, 1994. The single commissioner further granted Elastomeric's application to stop payment of temporary total compensation and medical expenses as of that date. He also gave Elastomeric credit for payments it had made since June 16, 1994.

The full commission found Orr had not reached maximum

---

[1] Because oral argument would not aid the court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

medical improvement and had not refused medical care but rather was unable to continue such treatment because of her pregnancy. In so finding, however, the full commission denied Orr's request to reinstate payment of her temporary total compensation. The full commission further ordered Orr to return to her surgeon for further evaluation and treatment.[2] The circuit court affirmed the full commission and further held that because Orr's pregnancy was related to neither her employment nor her work-related injury, she was not "disabled" as that term is defined under South Carolina workers compensation law and Elastomeric did not have to pay temporary total compensation during the time she was not participating in her treatment program.

On appeal, Orr argues that because the full commission made unappealed findings of fact that she had not reached maximum medical improvement and did not refuse medical care, the circuit court and full commission erred in allowing Elastomeric to stop payment of temporary total compensation during her pregnancy. *See* S.C. Regs. 67-504 and 67-507(1990) (stating the requirements for cessation of temporary compensation). We agree, notwithstanding Elastomeric's argument that the stop payment of Orr's temporary total compensation during her pregnancy was permissible because she was not "disabled" as that term is defined under South Carolina workers compensation law.

Under South Carolina workers compensation law, a claimant is entitled to compensation for a total disability resulting from a work-related injury. S.C. Code Ann. § 42-9-10 (1985 and Supp. 1995); *Last v. MSI Constr. Co.,* 305 S.C. 349, 409 S.E. (2d) 334 (1991). The term "disability" is defined as "incapacity because of injury to earn the wages that the employee was receiving at the time of the injury in the same or any other employment." S.C. Code Ann. § 42-1-120 (1985). The fact that Orr's pregnancy indirectly prolonged the period during which she was unemployable does not change the fact that her injury, not her pregnancy, rendered her unable to work. *See Last,* 305 S.C. at 351, 409 S.E. (2d) at

---

[2] In his order of November 30, 1994, the single commissioner noted Orr was seven-months pregnant at the time of hearing on October 19, 1994. The hearing before the full commission took place on April 24, 1995, and the full commission issued its order on May 19, 1995.

336 (the fact that the claimant remained unemployable for reasons other than his injury was not dispositive of his right to temporary compensation; rather, the issue was whether the injury had resulted in some loss of his earning capacity); *contra Electronic Assocs. v. Heisinger*, 111 N.J. Super. 15, 266 A. (2d) 601 (1970) (a claimant who terminated her employment because of pregnancy and subsequently received surgery for a compensable injury was not entitled to temporary total disability benefits because her compensable injury was not the reason she was no longer working) and 1C A. LARSON & L.K. LARSON, *WORKMEN'S COMPENSATION LAW* § 57(12)(e) at 10-56 (1996) ("Of course, if the claimant's continued unemployment is the result, not of his employment-related impairment, but of personal ailments unrelated to his employment, there is no possible ground for continuing temporary benefits.").

We therefore reverse the order of the circuit court and remand this case to the full commission for proceedings consistent with this opinion.

Because we have reversed the order of the circuit court on the above ground, we do not address Orr's remaining argument that circuit court applied the incorrect standard of review.

Reversed and remanded.

HUFF and HOWARD, JJ., concur.