## Paula Wood v. Fletcher Allen Health Care

[739 A.2d 1201]

No. 98-189

Present: Amestoy, C.J., Dooley, Johnson and Skoglund, JJ., and Zimmerman, D.J., Specially Assigned

Opinion Filed July 30, 1999

*Beth Robinson* of *Langrock Sperry & Wool,* Middlebury, for Plaintiff-Appellee.

*Christopher McVeigh* of *Paul, Frank & Collins, Inc.,* Burlington, for Defendant-Appellant.

**Dooley, J.** Defendant, Fletcher Allen Health Care (FAHC), appeals from a decision of the Commissioner of the Department of Labor and Industry declining to terminate workers' compensation benefits to claimant Paula Wood. FAHC contends the commissioner erred by refusing to discontinue claimant's temporary total disability payments when she became pregnant and was, as a result, temporarily unable to have surgery to correct her workplace injury. We affirm.

The relevant facts are not disputed. In November 1995, claimant suffered a work-related injury while employed at FAHC as a nurse and began receiving temporary total disability benefits. See 21 V.S.A. § 642 (providing for such benefits "[w]here the injury causes total disability for work"). Nearly two years later, in mid-1997, claimant's treating physician recommended that she have surgery on her shoulder to address her work-related symptoms. However, claimant was pregnant at the time and, as a result, the doctor recommended that the operation be delayed until after the birth. Claimant accepted this recommendation. She gave birth to her child in February 1998 and underwent the shoulder surgery the following June.

Meanwhile, FAHC notified claimant and the department on August 14, 1997 that it would discontinue her benefits as of August 21, 1997, based on what FAHC and its insurer characterized as the "superseding intervening act of getting pregnant." Pursuant to 21 V.S.A. § 643a, the Commissioner reviewed the grounds presented in the notice "to determine the sufficiency of the basis for the proposed discontinuance." The Commissioner found that "the evidence does not reasonably support the proposed discontinuance" and ordered that the payments continue pending a hearing. *Id.* The Commissioner held a hearing and rendered a decision concluding that claimant's benefits should not be terminated as the result of her pregnancy. FAHC's motion for reconsideration was denied, and this appeal followed.

In his decision, the Commissioner considered three grounds for termination advanced by FAHC: (1) pregnancy was a superseding intervening cause of claimant's condition as of the date the surgery would have occurred; (2) pregnancy was a "flare-up" of claimant's condition up until the time she gave birth; and (3) claimant refused recommended medical treatment. The Commissioner rejected the first argument because the pregnancy did not aggravate claimant's work-related condition and was not itself disabling. For similar reasons, he rejected the second argument that pregnancy caused an aggravation or "flare-up" of the underlying condition. He rejected the third argument because claimant acted on the recommendation of her physician and did not unreasonably refuse treatment. FAHC reiterates its arguments to us.

We begin with FAHC's first argument because it captures the essence of the employer's position. FAHC argues that claimant's pregnancy is a superseding intervening cause of her disability because, but for the pregnancy, claimant would have had the surgery and reached an end result, obviating the need for temporary total disability benefits. We reject this argument for two main reasons.

■ The first reason is the deference we must accord the Commissioner's determination. The Commissioner's decision is presumed valid, to be overturned only if there is a clear showing to the contrary. See *Close v. Superior Excavating Co.*, 166 Vt. 318, 321, 693 A.2d 729, 730 (1997). We must defer to the Commissioner's construction of the workers' compensation statute absent a compelling indication of error. See *Bedini v. Frost*, 165 Vt. 167, 169, 678 A.2d 893, 894 (1996).

The statute gives only limited guidance in these circumstances. For example, the statute specifies that the Commissioner can refuse to allow a discontinuance of temporary total disability benefits if he finds the "evidence does not reasonably support the proposed discontinuance," 21 V.S.A. § 643a, but does not itemize the permissible grounds for discontinuance. The only statutory command appears to be that claimant meet the original grounds for an award of temporary total disability benefits. See *id.* (discontinuance statute refers to "terminating benefits under either section 642 or section 646," the sections specifying the grounds for awarding temporary disability benefits). In similar circumstances, we have held that the Commissioner has discretion to fashion a reasonable policy. See *Close*, 166 Vt. at 324, 693 A.2d at 733; *Bedini*, 165 Vt. at 170-71, 678 A.2d at 894.

■ The Commissioner has done so here, distinguishing between causes that are independently disabling and those that are not. The Commissioner determined that "viewing pregnancy as a normal, rather than a pathologic process, is the only logical way to evaluate this case." Thus, the Commissioner concluded that claimant's pregnancy was "not an injury," and that her "work injury, not the pregnancy . . . account[ed] for her continuing disability." We find this distinction between pregnancy and injury to be a reasonable accommodation of the interests of the employer and the employee that is not inconsistent with the statute.

Second, to the extent the statute does establish a policy, the Commissioner has acted consistent with it. Section 642 authorizes payment of temporary total disability benefits where the workplace injury "causes total disability for work, during such disability." 21 V.S.A. § 642. A claimant may contest discontinuance of benefits unless he or she has "successfully returned to work." *Id.* § 643a. The employer has the burden to show grounds for termination. See *Merrill v. University of Vt.*, 133 Vt. 101, 105, 329 A.2d 635, 637 (1974). The statutes must be given a liberal construction; "no injured employee should be excluded unless the law clearly intends such an

exclusion or termination of benefits." *Montgomery v. Brinver Corp.*, 142 Vt. 461, 463, 457 A.2d 644, 646 (1983).

The employer has not shown that claimant fails to meet the substantive standards, particularly when they are accorded the liberal construction in favor of eligibility. As the Commissioner found, claimant's workplace injury disabled her from work, and her inability to work continued up until the time she had the corrective surgery.

FAHC argues that the failure to recognize the controlling effect of claimant's pregnancy turns workers' compensation into a public income maintenance program. Although we believe FAHC's complaint is an overstatement of the effect of the Commissioner's decision, we stress that temporary total disability benefits are different from permanent total disability benefits and always had the features FAHC finds objectionable. Temporary total disability benefits are awarded during the worker's recuperation period until the worker is restored as much as possible to functionality, as the permanent character of the injuries will permit. See *Fleury v. Kessel/Duff Constr. Co.*, 148 Vt. 415, 417, 533 A.2d 1197, 1198-99 (1987). The benefits are provided as a partial substitute for wages lost during the recuperation period. See *Orvis v. Hutchins*, 123 Vt. 18, 22, 179 A.2d 470, 473 (1962). Temporary benefits are awarded during periods of incapacity from work because the claimant cannot earn wages in the former work, or similar work, or in other work for which the claimant has the mentality and attainment. See *Fleury*, 148 Vt. at 418, 533 A.2d at 1199. Eligibility is not based solely on the physical impairment, but also on the capacity to obtain work. See *Bishop v. Town of Barre*, 140 Vt. 564, 571, 442 A.2d 50, 53 (1982). Thus, the age, experience and education of the worker are relevant in determining continuing eligibility for temporary total disability benefits. See *Fleury*, 148 Vt. at 418, 533 A.2d at 1199.

If temporary total disability payments can be made where a recuperating worker cannot find employment in view of the worker's age, education or experience, we see no reason that the benefit program cannot accommodate a worker's pregnancy or similar condition that might delay recuperation. We do not disqualify a worker on the theory that incapacity to work is caused by the worker's limited education, irrespective of the disabling condition, and we should treat pregnancy similarly.

Rather than responding to the income needs of the worker before it, FAHC would create a hypothetically perfect worker who always makes ideal health and life decisions to remain available for correc-

tion, at the earliest possible moment, of a disabling condition by any means medically determined. If the claimant fell short of the ideal model, the gap between the present reality and the ideal model would become the cause of the disability and allow for termination of temporary total disability benefits. With regard to the situation before us, we agree with the North Carolina Court of Appeals that such a policy "would limit the range of compensable damages for all working women of childbearing age in a manner inconsistent with established law." *English v. J.P. Stevens & Co.*, 391 S.E.2d 499, 502 (N.C. Ct. App. 1990).

In applying the statute, we have also looked to decisions from other states. There are few decisions on point and, as FAHC points out, we must be careful in applying them because the determinative statutes vary from state to state. One case, *Orr v. Elastomeric Products*, 474 S.E.2d 448 (S.C. Ct. App. 1996), involves facts similar to those before us and a similar definition of disability. The *Orr* court found for the claimant, reasoning that "[t]he fact that [claimant's] pregnancy indirectly prolonged the period during which she was unemployable does not change the fact that her injury, not her pregnancy, rendered her unable to work." *Id.* at 449. We agree with this analysis.

■ For the above reasons, we reject FAHC's argument that claimant's pregnancy was a superseding, intervening event that broke the causal connection between the work-related accident and claimant's disability. The Commissioner's holding to the contrary was reasonable and consistent with the statutory language.

As its second ground for discontinuing benefits, FAHC argues that the temporary flare doctrine should apply. The Commissioner has applied this doctrine to apportion benefits between employers in cases in which the claimant suffers a work-related accident with an employer and the claimant's condition is affected by a later work-related accident with a second employer. If the injury caused by the second accident is distinct, and the worker's condition returns to the baseline prior to the second accident, the injury caused by the second accident is a temporary flare, and the second employer is responsible for paying compensation benefits until the worker's condition returns to the baseline, and not thereafter. See *Pacher v. Fairdale Farms*, 166 Vt. 626, 629, 699 A.2d 43, 47 (1997) (mem.). FAHC asks that we treat claimant's pregnancy as a temporary flare and suspend her benefits during the time of her pregnancy.

■ FAHC invokes the temporary flare theory by analogy, acknowledging that prior cases have involved allocation of benefits

between employers pursuant to 21 V.S.A. § 662(c). The analogy is barely recognizable since claimant's pregnancy is not a work-related injury, and FAHC is arguing for temporary suspension of benefits rather than an allocation of benefits between employers. We find its argument virtually indistinguishable from its earlier argument that pregnancy is a superseding, intervening cause and reject it for the reasons stated above.

As a third ground for discontinuance, FAHC argues that claimant refused medically-indicated corrective surgery and should be denied benefits on that basis. The Commissioner ruled that the benefits could be discontinued only if the refusal of the surgery was unreasonable. He found that, in this case, the delay in the surgery was reasonable because it was recommended by claimant's physician.

■ We have noted for purposes of total temporary disability benefits that "the lack of opportunity to work must not be due to the servant's fault." *Sivret v. Knight*, 118 Vt. 343, 346, 109 A.2d 495, 497 (1954). We agree with the Commissioner that claimant's decision to delay the surgery was not unreasonable in light of her physician's recommendation. We do not, therefore, believe the resulting delay in her employability was her "fault." See *Lee v. Koegel Meats*, 502 N.W.2d 711, 715 (Mich. Ct. App. 1993) (although claimant is responsible for pregnancy, claimant does not control timing of pregnancy in relation to her physician's decision to restrict her work availability); *Macklanburg-Duncan Co. v. Wimmer*, 280 P.2d 1001, 1004 (Okla. 1955) (decision on advice of doctor to delay treatment because of claimant's pregnancy not grounds for termination of workers' compensation benefits because delay was not unreasonable or arbitrary).

Although we have considered all of the arguments FAHC initially made to the Commissioner, FAHC made two additional arguments in its motion for reconsideration and in its brief to this Court: (1) claimant should be disqualified for the time before and after delivery in which she could not work; and (2) the Commissioner's decision created a special favored status for pregnant claimants in violation of the common benefits clause of Chapter I, Article 7 of the Vermont Constitution. We agree with claimant that the first argument raises grounds outside of the notice of discontinuance and not presented initially to the Commissioner. We therefore do not consider it.

■ We reach the common benefits clause claim, but reject it. Contrary to FAHC's claim, we do not read the Commissioner's decision as creating a special status for pregnant workers. Instead,

the Commissioner applied a general policy not to disqualify a worker from temporary total disability benefits because of a condition that delays treatment for a work-related disabling condition, but is not itself disabling. The "inquiry under Article 7 is whether the statute is reasonably related to the promotion of a valid public purpose." *MacCallum v. Seymour's Adm'r*, 165 Vt. 452, 457, 686 A.2d 935, 937 (1996); see also *Hodgeman v. Jard Co.*, 157 Vt. 461, 464-65, 599 A.2d 1371, 1373 (1991) (statute awarding attorneys' fees in workers' compensation cases only to prevailing claimants does not offend Article 7 because employers are better able to absorb their fees than claimants). As we discussed above, the distinctions drawn by the Commissioner are reasonable in light of the purposes of temporary total disability benefits.

Because claimant has prevailed in this Court, she has sought an award of attorney's fees here. See 21 V.S.A. § 678(b) (claimant "if he or she prevails" is "entitled to reasonable attorney's fees as approved by the court"); *Coleman v. United Parcel Serv.*, 155 Vt. 646, 647, 582 A.2d 151, 153 (1990) (mem.). In the absence of opposition to the amount sought by claimant, her request for an attorney's fee award of $4,563.13 is granted.

*Affirmed; claimant is awarded attorney's fees of $4,563.13.*