Merchant v. A & C Enercom, No. S0965-04 CnC  (Norton, J., Apr. 26, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                           SUPERIOR COURT
Chittenden County, ss.:                                  Docket No. S0965-04 CnC



DANIEL MERCHANT

v.

A & C ENERCOM



ENTRY

This matter concerns an appeal from a Vermont Department of Labor and Industry order requiring the defendant, A & C Enercom, to pay a workers' compensation claim to the plaintiff, Daniel Merchant. Merchant had sought immediate payment of his claim despite the fact that Enercom's insurance carrier had filed a separate declaratory judgment action to determine its rights to a lien on Merchant's recovery from an uninsured/underinsured motorist policy. The Department of Labor and Industry Commissioner granted Merchant's request, and Enercom filed this appeal.

The following facts are undisputed. Merchant suffered a work-related injury on July 7, 1997, when involved in an automobile accident during the course of his employment. Merchant suffered, among other injuries, damage to his cervical spine. He reached a medical end point with regard to the care and treatment of his cervical spine on October 29, 2001. Dr. Charles McLean assessed his permanent impairment at 5 percent whole person. On November 5, 2001, Merchant completed a Form 22 for permanent partial disability benefits based on the 5 percent rating. Enercom never signed this form, contending that the rating was 3 percent.

Merchant received a settlement from the other driver and from his uninsured/under-insured motorist policy. Merchant reimbursed the workers' compensation carrier a certain

amount from these settlements, but Enercom claims that its full lien to these settlements is unsatisfied. Its carrier filed a separate subrogation declaratory judgment action in Superior Court to determine its rights to a lien.

Enercom refused to pay any of Merchant's claim while the declaratory judgment action was pending. Merchant therefore requested that the Commissioner order Enercom to pay the undisputed portion of the permanent partial disability benefits. On July 20, 2004, the Commissioner issued an order, along with interest from November 5, 2001. Enercom appealed.

After filing this appeal, Enercom requested that the Commissioner stay its order pending the appeal. The Commissioner issued a partial stay (applying only to interest, not to the permanency award or attorney's fees), and Enercom filed a motion in this court seeking a full stay of the Commissioner's decision pursuant to V.R.C.P. 74(c). In an order dated December 9, 2004, this court denied Enercom's motion. See Merchant v. A & C Enercom, No. S0965-04 CnC (Dec. 9, 2004). Enercom therefore paid Merchant's claim of $13,645.50 on December 23, 2004. Enercom's carrier also paid attorney's fees related to Merchant's claim.

Merchant now argues in a summary judgment motion that this court's December 9 order is dispositive of the underlying issue in this appeal, which is whether the Department's order regarding his claim was correct. Merchant also seeks attorney's fees related to this appeal. Enercom has filed a cross-motion for summary judgment, arguing that the Commissioner's decision violated both the Vermont Workers' Compensation Act and the Department's regulations. Enercom also argues that the Commissioner's order usurped this court's jurisdiction.

The court first addresses Merchant's summary judgment motion. Merchant notes that the court's December 9, 2004 order stated that Enercom "has . . . not challenged or disputed the critical findings of the Commissioner that employee was in fact permanently injured to at least a rating of 3%. As 21 V.S.A. § 648 states, notwithstanding employer's legal theories, this undisputed fact requires immediate compensation." From this statement, Merchant surmises that the court has ruled on the only issue in this appeal.

Merchant takes this statement out of context. In the December 9 order, the court was addressing the Commissioner's findings with regard to Enercom's likelihood of winning on appeal, which is a factor in determining the appropriateness of a stay. The court was merely noting that Enercom had not brought forward any new facts regarding the 3 percent disability finding in this appeal and the separate declaratory judgment action had not provided any basis with which to reassess the stay, either. Therefore, Enercom had not shown any greater likelihood of success to this court than it had to the Commissioner, and the Commissioner's partial stay should not have been disturbed. This analysis is not necessarily applicable to the underlying issue in this appeal, which is whether the Commissioner's order for immediate payment despite a

pending declaratory judgment action was appropriate. In other words, whether a stay should have issued based on this appeal does not affect whether an immediate order should have issued pending a separate declaratory judgment action.

Enercom, however, provides no reason in its summary judgment motion as to why the Commissioner's order was erroneous. Enercom argues that the Commissioner misapplied the Vermont Workers' Compensation Act as well as the Department's regulations by enforcing an order despite Enercom's claim to the lien. But the narrow question before the Commissioner and in this appeal is whether the Commissioner properly enforced the order despite Enercom's claim to the lien in a separate declaratory judgment action. Even if Enercom's interpretation of the workers' compensation law and regulations is ultimately correct, the question is whether the Commissioner abused his discretion in enforcing the award pending the disposition of the declaratory action regarding Enercom's claim.

Enercom also argues that the Commissioner usurped the Superior Court's jurisdiction by issuing its order despite the fact that Enercom's insurer had previously initiated a declaratory judgment action. "In general, where two tribunals have concurrent jurisdiction, the first tribunal to obtain jurisdiction should adjudicate the case, and the second should defer to the first." Barnet Hydro Co. v. Public Serv. Bd., 174 Vt. 464, 467 (2002) (mem.). The Commissioner did not, however, have jurisdiction over a declaratory judgment action, and Enercom argued before the Commissioner only that it had no obligation to make any disability payments while a subrogation action was pending in the Superior Court. The Commissioner did not, therefore, face a situation where it had concurrent jurisdiction over a declaratory judgment action or an argument regarding Enercom's rights to a lien.[1]

In reviewing the Commissioner's decision, the court is mindful that such decisions are "presumed valid, to be overturned only if there is a clear showing to the contrary. [Courts] must

---

[1] As Enercom stated in its memorandum of law to the Department:

> At issue in this proceeding before the Department of Labor and Industry is the proper functioning of the worker's compensation system, i.e., whether a claimant should receive payment of an award before his entitlement to that award is determined. This is distinct from the issue being litigated in Vermont Superior court, i.e., whether Defendant is entitled to off-set an award for permanent partial impairment pursuant to a lien on a third-party recovery. The distinct issue before the Department focuses on the process of the workers' compensation system, as opposed to the substantive rights between the parties.

defer to the Commissioner's construction of the workers' compensation statute absent a compelling indication of error." Wood v. Fletcher Allen Health Care, 169 Vt. 419, 422 (1999) (citations omitted). The workers' compensation statute provides merely that where, as here, a claimant suffers a permanent partial impairment to the spine, "the percentage of impairment shall be determined in accordance with rules adopted by the commissioner." 21 V.S.A. § 648. The Department's regulations, in turn, provide that "[i]f the employer determines that compensation is due it shall enter into a Compensation Agreement . . . with the claimant . . ., and shall commence paying compensation immediately." WC Rule 3.1.

Here, the employer agreed that the claimant had a 3 percent permanent partial impairment rating. The Commissioner therefore held that it was required immediately to pay compensation based on that rating. The Commissioner determined that the pending declaratory judgment action had no effect on the statutory and regulatory provisions that require employers to pay disability benefits. It also held that it had no jurisdiction over subrogation actions like the pending declaratory judgment action.

The court finds no error in the Commissioner's holding. Accordingly, based on the undisputed facts provided by the parties, the court finds that summary judgment in favor of Merchant is appropriate as a matter of law.

The parties, however, also dispute the amount of interest due to Merchant based on the award that Enercom paid on December 23. The appropriate interest rate is set at 12 percent per annum from the date of judgment to and including the date of satisfaction. 21 V.S.A. § 678(b); V.R.C.P. 69. Here, the date of judgment was November 5, 2001, when Merchant completed a Form 22 for permanent partial disability benefits.[2] Thus, between November 5, 2001, and the date of satisfaction, December 23, 2004, the accumulated interest was $5,127.13.[3]

---

[2] The Commissioner's judgment issued on July 20, 2004, but he calculated interest from November 5, 2001. The parties do not contest that November 5, 2001, is the appropriate date from which the interest begins to run.

[3] The court arrives at this figure through a simple interest calculation. Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc., 149 Vt. 365, 369–70 (1988). The court first determined the annual interest due (.12 x 13,645.50) and multiplied this by the three years between November 5, 2001, and November 5, 2004, arriving at $4,912.38. The court then determined the per diem interest rate of a 12 percent annual interest (0.12/366 [2004 was a leap year]), multiplied this figure by $13,645.50, and then multiplied this result by the 48 days between

4

Merchant argues that interest should have continued accruing after December 23, 2004, but with the principal being the interest due at that time, or $5,127.13. The court disagrees. Judgment interest is based on a simple interest calculation, not on compound interest. See <u>Greenmoss Builders</u>, 149 Vt. at 370; see also Reporter's Notes—1981 Amendment, V.R.C.P. 69 (providing that the rule "does not . . . allow interest on interest"). To charge interest on prior interest would be compounding the interest due. Therefore, as soon as the judgment was satisfied, interest ceases to accrue.

Enercom argues that the interest should cease accruing on August 25, 2004, when the Commissioner issued a stay on Enercom's obligation to pay interest. The purpose of post-judgment interest is "to compensate the judgment creditor for any delay in satisfaction." Reporter's Notes—1981 Amendment, V.R.C.P. 69. A claimant should not be denied the full benefit of his or her claim merely because the employer chose to contest the claim through an appeal. Accordingly, interest on Merchant's claim continued to accrue during the stay up until the claim was satisfied.

Finally, Enercom does not contest Merchant's request for attorney's fees related to this appeal. Merchant is entitled to these fees pursuant to 21 V.S.A. § 678(b). He has provided complete accounting of reasonable fees that have accrued to-date, amounting to $5,861.70.

ORDER

For the foregoing reasons, Merchant's summary judgment motion is GRANTED in part and DENIED in part, consistent with the above Entry, and Enercom's summary judgment motion is DENIED. Enercom is ORDERED to pay $5,127.13 in post-judgment interest and $5,861.70 in attorney's fees to Merchant.

Dated at Burlington, Vermont, April 26, 2005.

_____/s/_____
Richard W. Norton   Judge

---

November 5 and December 23, 2004, during which interest continued to accrue. Adding both together results in $5,127.13 in interest.