**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Maria E. McGaha, Respondent,

v.

Honeywell International, Inc., Employer, and Zurich North America, Carrier, Appellants.

Appellate Case No. 2011-185686

———————————

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-071
Heard January 8, 2013 – Filed February 13, 2013

———————————

**AFFIRMED**

———————————

Vernon F. Dunbar, of Turner Padget Graham & Laney, PA, of Greenville, for Appellants.

Donald E. Kamb, Jr. and Kathryn Williams, both of Kathryn Williams, PA, of Greenville, for Respondent.

———————————

**PER CURIAM:** Honeywell International, Inc. and Zurich North America argue the circuit court erred in affirming the Appellate Panel of the South Carolina Workers' Compensation Commission's findings that Maria McGaha sustained a

compensable injury to her neck and was entitled to temporary total disability benefits.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the Appellate Panel erred in determining McGaha was entitled to payment of temporary total disability compensation benefits from March 4, 2005, to the present: *Shuler v. Gregory Elec.*, 366 S.C. 435, 440, 622 S.E.2d 569, 571 (Ct. App. 2005) (holding the Appellate Panel's decision must be affirmed if supported by substantial evidence in the record); *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) (finding that when the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive); *Orr v. Elastomeric Prods.*, 323 S.C. 342, 344, 474 S.E.2d 448, 449 (Ct. App. 1996) (finding that although an employee's pregnancy indirectly prolonged the period during which she was unemployable, her injury, not her pregnancy, rendered her unable to work).

2.      As to whether the Appellate Panel erred in finding McGaha had injured her neck or in the alternative failing to determine she did not suffer any disability from her neck strain: *Shuler*, 366 S.C. at 440, 622 S.E.2d at 571 (holding the Appellate Panel's decision must be affirmed if supported by substantial evidence in the record); *Rodney v. Michelin Tire Corp.*, 320 S.C. 515, 518, 466 S.E.2d 357, 358 (1996) (determining an injury arises out of employment if a causal relationship between the conditions under which the work is to be performed and the resulting injury is apparent to the rational mind, upon consideration of all the circumstances).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**