## Roger Coburn v. Frank Dodge & Sons and Travelers Insurance Co.

[687 A.2d 465]

No. 95-475

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 30, 1996

Motion for Reargument Denied October 31, 1996

*Rodney F. Vieux*, Johnson, for Plaintiff-Appellant.

*Andrew C. Boxer* of *Kiel & Associates*, Springfield, for Defendants-Appellees.

**Allen, C.J.** This is a workers' compensation case in which Roger Coburn (claimant) appeals a decision of the Commissioner of the Department of Labor and Industry awarding him permanent disability compensation, medical benefits, and partial attorney's fees. Claimant argues that the Commissioner erred in limiting his recovery and seeks additional compensation, benefits, and fees. We affirm.

On January 24, 1988, claimant suffered a work-related injury while employed by defendant Frank Dodge & Sons, a construction company. He experienced recurring lower-back, neck, and shoulder-blade pain, which he treated with an over-the-counter pain medication. On April 13, 1989, claimant suffered another work-related injury. As a result of this second injury, he complained of increased neck and upper- and lower-back pain.

Claimant sought medical treatment on a number of occasions to alleviate his neck and back pain. On March 1, 1990, his treating physician, Dr. Binter, performed a bilateral L3-4 laminectomy and discectomy, which alleviated his lower-back pain. On December 31, 1990, Dr. Binter performed a foraminotomy, which relieved some of his neck and upper-back pain. Dr. Binter noted that, although claimant recovered well from this surgery, he continued to experience some mid-scapular pain. She therefore recommended physical therapy.

On July 13, 1992, Dr. Binter placed claimant at "medical end result" regarding both his neck and lower-back surgeries. Medical end result

is "the point at which a person has reached a substantial plateau in the medical recovery process, such that significant further improvement is not expected, regardless of treatment." Vt. Labor and Indus. Dep't Reg., Vt. Workers' Comp. and Occupational Disease Rules, Rule 2(h), 3 Code of Vt. Rules 24010003-1 (1995). Dr. Binter concluded that claimant had thirty-one percent permanent partial impairment to the cervical and lumbar spine. Two other physicians also examined him to determine whether he had reached medical end result. Dr. Phillips opined that claimant had reached medical end result with respect to his lower-back injury in October 1991. Dr. Ford examined claimant on October 7, 1992, for defendant Traveler's Insurance Company and concluded that he had reached medical end result for both his neck and lower-back surgeries. Dr. Ford concluded that claimant had a twenty-nine percent permanent partial impairment to the spine.

In August 1992, claimant sought chiropractic treatment from Dr. Vartanian for his remaining upper-back pain. Dr. Vartanian treated him on a regular basis from August 1992 until March 1993. Claimant testified that this treatment relieved his symptoms to the extent that it improved his ability to walk, enabled him to work part time, and enabled him to perform simple household chores. His sleep patterns also improved, and he decreased his use of pain medication. Because claimant's condition improved while under his care, Dr. Vartanian disagreed with the earlier diagnoses of medical end result.

Claimant began working part time at an automotive supply store in September 1992. He testified that his pain increased while working for this employer because the job required him to spend long hours on his feet and to stock merchandise. He also testified that he experienced difficulty dealing with customers and working on the computer. His weekly work hours varied, but he generally worked thirty hours per week, earning six dollars an hour.

In June 1993, claimant left the automotive supply store and accepted employment as a truck driver with a crane service company. This employer demanded longer hours and frequent overtime. The increased physical demands aggravated claimant's back pain, and he resumed taking pain medication. In the fall of 1993, he left the crane service company because he could not withstand the job's physical demands. He entered a physical therapy program at Copley Hospital in November 1993 and was discharged on January 5, 1994.

Claimant sought workers' compensation for the injuries he received while employed by Frank Dodge & Sons. In February 1992, the Commissioner ordered Traveler's Insurance Company to pay the

amount necessary to allow claimant to continue treatment with Dr. Binter. Claimant later filed a claim with the Commissioner to recover additional temporary disability compensation and medical benefits for the Copley Hospital physical therapy program and Dr. Vartanian's care. The Commissioner concluded that Dr. Binter's opinion regarding medical end result was entitled to the greatest weight because she was claimant's primary treating physician. Having found that medical end result occurred July 9, 1992, the Commissioner concluded that claimant was not entitled to temporary disability benefits beyond that date. The Commissioner further concluded that Dr. Vartanian's care was reasonable, necessary, and compensable, but somewhat excessive. The Commissioner awarded $1629 in medical benefits for treatment rendered by Dr. Vartanian through January 4, 1993, the date by which claimant had reached a steady weekly work schedule at the automotive supply store. The Commissioner also awarded $194.05 in costs and $542.95 in attorney's fees. The Commissioner did not award medical benefits for the Copley Hospital physical therapy program.

Claimant argues that the Commissioner's award is inadequate in light of her findings. He maintains that he is entitled to: (1) temporary disability compensation beyond July 9, 1992, the date found by the Commissioner to be medical end result, (2) medical benefits for the Copley Hospital physical therapy program and all of Dr. Vartanian's care, and (3) full costs and attorney's fees.

## I.

Claimant argues that he is entitled to temporary disability benefits beyond July 9, 1992. He contends that the Commissioner's finding of medical end result on July 9, 1992, is erroneous because her findings are inconsistent. Specifically, he contends that medical end result is a conclusion of law and that this conclusion is erroneous where the Commissioner finds that a patient later experienced substantial improvement in his condition. We disagree.

Under Vermont workers' compensation law, a claimant is entitled to temporary disability compensation until reaching medical end result or successfully returning to work. See *Orvis v. Hutchins*, 123 Vt. 18, 24, 179 A.2d 470, 474 (1962) (temporary disability ends when maximum earning power has been restored or recovery process has ended). The determination of medical end result is a question of fact for the Commissioner. See *Ortiz v. Industrial Comm'n of Utah*,

766 P.2d 1092, 1095 (Utah 1989); see also *Merrill v. University of Vt.*, 133 Vt. 101, 106, 329 A.2d 635, 638 (1974) ("'duration of the disability is one of fact to be determined by the commission'") (quoting *Employers' Liab. Assur. Corp. v. Industrial Accident Comm'n*, 109 P.2d 716, 718 (Cal. Dist. Ct. App. 1941)). When reviewing the Commissioner's factual findings, we test the sufficiency of the findings from a point of view favorable to the award, *Moody v. Humphrey & Harding, Inc.*, 127 Vt. 52, 54, 238 A.2d 646, 647-48 (1968), and we will overrule only where those findings have no evidentiary support in the record or where the decision is based on "evidence so slight as to be an irrational basis for the result reached." *Kenney v. Rockingham Sch. Dist.*, 123 Vt. 344, 348, 190 A.2d 702, 705 (1963).

Claimant argues that the Commissioner erred by assigning greatest weight to Dr. Binter's opinion. He contends that the Commissioner should have assigned Dr. Vartanian's opinion the greater weight because Dr. Vartanian examined claimant later in time and had more information on which to base a diagnosis of medical end result. Dr. Binter, however, was claimant's treating physician for three years. During that time she performed two surgeries and recommended that he receive physical therapy. She noted claimant's improvement after each surgical procedure. Dr. Binter's opinion therefore is not so slight as to be an irrational basis for the Commissioner's finding. Moreover, the weight of the evidence is not reviewable by this Court on appeal. *Jewell v. Olson Constr. Co.*, 122 Vt. 434, 436, 175 A.2d 509, 511 (1961); see also 21 V.S.A. § 672 (jurisdiction of Supreme Court limited to review of questions of law).

Claimant further argues that the Commissioner's finding of medical end result is inconsistent with her finding that he later improved while under Dr. Vartanian's care. The fact that Dr. Vartanian's care later improved claimant's symptoms is not inconsistent with finding medical end result earlier in time. The proper test to determine medical end result is whether the treatment contemplated at the time it was given was reasonably expected to bring about significant medical improvement. Vt. Labor and Indus. Dep't Reg., Vt. Workers' Comp. and Occupational Disease Rules, Rule 2(h), 3 Code of Vt. Rules 24010003-1 (1995). The fact that some treatment, such as physical or drug therapy, continues to be necessary does not preclude a finding of medical end result if the underlying condition causing the disability has become stable and if further treatment will not improve that condition. 1C A. Larson, Workmen's Compensation Law § 57.12(c), at 10-40 to 10-46 (1996); see also *Janis v. Industrial Comm'n*, 553 P.2d

1248, 1250 (Ariz. Ct. App. 1976) (claimant's condition is stationary where underlying condition causing pain is stable, although pain may not be stable); *O'Banner v. Westinghouse Elec. Corp.*, 459 S.E.2d 324, 327 (S.C. Ct. App. 1995) (finding that employee continued to take pain medication not inconsistent with finding of medical end result where underlying condition was stable and would show no further improvement).

## II.

Claimant next argues that he is entitled to medical benefits for the Copley Hospital physical therapy program and all of Dr. Vartanian's care pursuant to 21 V.S.A. § 640. He contends that he is entitled to be reimbursed for all of his medical treatment because the Commissioner found that treatment reasonable and necessary. Again, we disagree.

"The award of the [C]ommissioner is equivalent to the judgment of a trial court and doubtful findings must be construed to support it if this may reasonably be done." *Goodwin v. Fairbanks, Morse & Co.*, 123 Vt. 161, 166, 184 A.2d 220, 223 (1962). Dr. Vartanian treated claimant with scheduled care from August 1992 until March 1993. The Commissioner found that this treatment relieved claimant's symptoms to the extent that he was able to perform simple household chores such as washing dishes without holding onto the sink. Further, his sleep patterns improved, and his use of pain medication decreased. The record also established that by January 4, 1993, claimant had returned to work nearly full time at the automotive supply store, averaging thirty hours per week. His job involved stocking merchandise and required that he remain on his feet for long periods of time. The Commissioner could reasonably infer that, because claimant was able to perform stock work, remain on his feet for extended periods of time, and work nearly full time, Dr. Vartanian's care after that date was excessive.

Additionally, claimant attended the Copley Hospital physical therapy program from November 1993 to January 1994. The Commissioner found that this treatment "significantly improved [claimant's] condition." The record also established, however, that claimant entered physical therapy to treat pain induced by the increased physical demands of his job at the crane service company. From this evidence, the Commissioner could have reasonably concluded that the need for physical therapy did not arise from the injuries sustained by claimant while employed by defendant Frank Dodge & Sons and that the

therapy therefore was not compensable. See *Quinn v. Pate*, 124 Vt. 121, 126, 197 A.2d 795, 798 (1964) (employer need not compensate employee who received injuries outside occupation engaged in for employer). Consequently, claimant is not entitled to additional medical benefits.

## III.

Claimant argues that the Commissioner erred by awarding him only a portion of his attorney's fees. The Commissioner may award a claimant reasonable attorney's fees if the claimant prevails. 21 V.S.A. § 678(a). This fee may be calculated as a percentage of the award as long as the fee does not exceed twenty percent of the medical compensation awarded. Vt. Labor and Indus. Dep't Reg., Vt. Workers' Comp. and Occupational Disease Rules, Rule 10(a)(2), 3 Code of Vt. Rules 24010003-7 (1995). The Commissioner awarded claimant attorney's fees equal to one-third of the medical compensation awarded. Although this amount is greater than twenty percent of the medical compensation, we affirm because claimant has not suffered any prejudice and defendant has not cross-appealed on the issue.

Claimant also has filed a motion requesting reimbursement for attorney's fees and costs incurred in this appeal. In a workers' compensation appeal to the Supreme Court, a claimant is entitled to reasonable attorney's fees if he prevails. 21 V.S.A. § 678(b). Claimant has not prevailed in this appeal, and his motion therefore is denied.

*Affirmed.*