**Joseph PACHER v. FAIRDALE FARMS & Eveready Battery Company**

[699 A.2d 43]

No. 96-434

June 2, 1997. Appellant Fairdale Farms appeals a decision by the Commissioner of the Vermont Department of Labor and Industry ordering Fairdale to resume payment of workers' compensation benefits once appellee Eveready Battery Company's responsibility for a subsequent injury ends. We affirm.

In November 1977, claimant Joseph Pacher fell off a roof while working for Fairdale, rupturing his spleen and fracturing several vertebrae and two left ribs. Fairdale paid workers' compensation benefits during claimant's convalescence and following his employment with Eveready Battery Company in 1978. In August 1992, claimant injured his right-side lower back while attempting to push a clip into a machine at Eveready.

In the ensuing dispute between Fairdale and Eveready, Fairdale argued that claimant's work at Eveready had

begun aggravating the first injury in March 1990, and therefore Eveready was liable for all workers' compensation payments after that date. Eveready argued that the 1992 injury was a recurrence of the original injury and that Fairdale continued to be liable for all workers' compensation payments. The Commissioner rejected both of these arguments,[1] finding that claimant's medical problems until the 1992 injury were recurrences of his original injury, while the 1992 injury was a new, distinct injury for which Eveready was responsible. Accordingly, the Commissioner ordered Eveready to pay temporary total disability benefits until claimant reached "medical end result with regard to the August 11, 1992 new injury; i.e., until [claimant's] condition return[ed] to his pre-August 11, 1992 baseline," with a similar provision for psychological counseling, after which Fairdale would resume responsibility.

Both employers appealed the Commissioner's order to Bennington Superior Court pursuant to 21 V.S.A. § 670. To the first question certified by the Commissioner, "Did [claimant's] work at Eveready aggravate his preexisting condition or result in a new injury such that it relieved Fairdale Farms of responsibility for any workers' compensation liability as of March 23, 1990?" the jury answered, "No." To the second certified question, "Was the event [claimant] experienced on August 11, 1992 while employed at Eveready a recurrence of the condition caused by his original work injury at Fairdale Farms such that Fairdale Farms is liable for any workers' compensation owed [claimant] because of

that event?" the jury also answered, "No." Based on these answers, the trial court entered judgment that claimant's work at Eveready did not aggravate his preexisting condition or result in a new injury that would relieve Fairdale of responsibility as of 1990 and that the 1992 injury was not a recurrence of the original injury. After the Commissioner concluded that the trial court's judgment was consistent with the original findings and conclusions, the original order was reissued in April 1996, with the added provision that Eveready and Fairdale would be responsible for reasonable and necessary medical expenses under the same conditions as temporary disability payments. This appeal followed.

We will affirm the Commissioner's order if her conclusions are rationally derived from the findings and based on a correct interpretation of the law. See *In re Southview Assocs.*, 153 Vt. 171, 178, 569 A.2d 501, 504 (1989). Fairdale first asserts that the Commissioner's order requiring it to resume workers' compensation liability once claimant recovers from the 1992 injury is contrary to the jury's finding that the 1992 injury was not a recurrence. In effect, Fairdale appears to argue that because the jury found that the 1992 injury was not a recurrence of the original injury, it must have decided that the 1992 accident aggravated claimant's prior condition — and that the Commissioner's order conflicts with such a finding.

In workers' compensation cases involving successive injuries during different employments, the first employer remains liable for the full extent of benefits if the second injury is solely a "recurrence" of the first injury — i.e., if the second accident did not causally contribute to the claimant's disability. *Mendoza v. Omaha Meat Processors*, 408 N.W.2d 280, 286 (Neb. 1987); *In re Dundon*, 739 P.2d 1069, 1070 (Or. Ct. App. 1987). If, however, the second incident aggravated, accelerated,

---

[1] The Commissioner denied Fairdale's request for reimbursement of workers' compensation benefits paid to claimant after March 1990 and denied Eveready's request for reimbursement of workers' compensation benefits paid for the 1992 accident.

or combined with a preexisting impairment or injury to produce a disability greater than would have resulted from the second injury alone, the second incident is an "aggravation," and the second employer becomes solely responsible for the entire disability at that point. *Port of Portland v. Director, Office of Workers Compensation Programs*, 932 F.2d 836, 839-40 (9th Cir. 1991); *In re Dundon*, 739 P.2d at 1070; see *Jackson v. True Temper Corp.*, 151 Vt. 592, 595-96, 563 A.2d 621, 623 (1989) (sawmill owner liable for seizures brought on by drinking alcohol where sawmill injury aggravated or accelerated claimant's preexisting alcoholism); *Campbell v. Heinrich Savelberg, Inc.*, 139 Vt. 31, 35-36, 421 A.2d 1291, 1294 (1980) (employer liable where exposure to fumes aggravated claimant's preexisting mild to moderate bronchitis to cause acute bronchitis and myocardial infarction).

We begin by noting that there is no support for Fairdale's assertion that because the jurors decided that the 1992 accident was not a recurrence, they must have found it was an aggravation. The jury was asked only if the 1992 accident was or was not a recurrence, without being questioned concerning other options. A third possibility, and the one that coincides with the Commissioner's findings and conclusions, is that the jury found the 1992 incident was neither an aggravation nor a recurrence, but rather a new injury distinct from claimant's prior injuries. Where an employee suffers unrelated injuries during different employments, the employer at the time of each accident becomes responsible for the respective workers' compensation benefits. *Gonzales v. Stanke-Brown & Assocs.*, 648 P.2d 1192, 1198 (N.M. Ct. App. 1982); see *Kulp v. Sheraton Ritz Hotel*, 450 N.W.2d 296, 298 (Minn. 1990) (administrative court did not exceed authority in attributing right-hand and shoulder injuries to first employer and left-hand and wrist injuries to second employer); cf. *Port of Portland*, 932 F.2d at 841 (liability will not be imposed on employer who did not contribute to causation of disability).

The Commissioner's apportionment of liability between employers rationally relates to her findings that claimant's injury to his right lower back was a new and distinct injury from the prior Fairdale injury that resulted in recurring pain to his left lower back and left leg.[2] This apportionment, based on the finding of a new, distinct injury for which Eveready is liable, in no way conflicts with the jury's finding that the 1992 injury was not a recurrence for which Fairdale would be liable.

Fairdale next asserts that the Commissioner erred in ordering it to resume liability when claimant reaches medical end result for the 1992 injury, because claimant will not necessarily have

_____
[2] Fairdale nonetheless urges the Court to apply the "last injurious exposure" rule, thus making Eveready liable for all benefits after 1992. See *In re Dundon*, 739 P.2d 1069, 1070 n.1 (Or. Ct. App. 1987) (doctrine applies where later accident aggravates or accelerates preexisting injury or impairment, leaving most recent employer solely liable for workers' compensation benefits). Fairdale contends this would minimize disputes and decrease confusion for both the employers and claimant. This doctrine is appropriate, however, only where separate injuries all causally contribute to the total disability so that it becomes difficult or impossible to allocate liability among several potentially liable employers. *Port of Portland v. Director, Office of Workers Compensation Programs*, 932 F.2d 836, 840-41 & n.3 (9th Cir. 1991). Where, as here, different accidents produce distinct injuries, the Commissioner can fairly define and apportion the liability of each employer, without confusion to either employers or employees. See 21 V.S.A. § 662(c) (Commissioner will hold hearing and determine which employer is liable where payment of benefits is challenged on basis that another employer may be liable).

reached his pre-1992 injury condition. Fairdale contends that the division for liability between employers should have been the point where claimant returns to his pre-1992 injury condition. We construe the Commissioner's order as requiring Eveready to pay temporary disability payments until claimant reaches medical end result and all reasonable and necessary medical expenses until claimant reaches his pre-1992 injury condition, after which Fairdale resumes liability.

Medical end result is "the point at which a person has reached a substantial plateau in the medical recovery process, such that significant further improvement is not expected, regardless of treatment." Vt. Labor & Indus. Dep't Reg., Vt. Workers' Comp. & Occupational Disease Rules, Rule 2(h), 3 Code of Vt. Rules 24010003-1 (1995). Thus, we have held that a claimant is entitled to temporary disability compensation until reaching medical end result or successfully returning to work. *Coburn v. Frank Dodge & Sons*, 165 Vt. 529, 532, 687 A.2d 465, 467 (1996). Nonetheless, a claimant may reach medical end result, relieving the employer of temporary disability benefits, but still require medical care associated with the injury for which the employer retains responsibility. *Id.* at 533, 687 A.2d at 468 (fact that some treatment such as physical or drug therapy continues to be necessary is not inconsistent with finding of medical end result); *Wroten v. Lamphere*, 147 Vt. 606, 610, 523 A.2d 1236, 1238 (1987) (permanent disability established when employee reaches medical end result or maximum earning power is restored, despite continuing medical treatment).

The Commissioner ordered Eveready to pay compensation until claimant reaches medical end result "i.e., until his condition returns to his pre-August 11, 1992 baseline." Although the Commissioner's order is not a model of clarity, her intention that Eveready shall be responsible only for compensation associated with the 1992 injury, after which Fairdale must resume liability for the 1977 injury, is evident from the quoted language. Thus, Eveready must pay temporary disability compensation until claimant reaches medical end result for the 1992 injury, and will be responsible for all reasonable and necessary medical expenses and psychological counseling costs until claimant reaches his pre-1992 injury condition or baseline. Any language in the order equating medical end result with claimant's pre-1992 injury condition is harmless error. V.R.C.P. 61.

*Affirmed.*