*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2010-405

MAY TERM, 2011

| | | |
|---|---|---|
| Catherine Heller | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Department of Labor |
| | } | |
| | } | |
| Bast & Rood Architects and Kemper Insurance | } | DOCKET NO. T-12409 # 32-10wc |

In the above-entitled cause, the Clerk will enter:

Claimant appeals an order of the Commissioner of the Department of Labor and Industry relating to her claim for benefits stemming from a work-related injury. We affirm.

In January 2003, claimant slipped and fell on ice while leaving work. Based on the opinion of Dr. Thomas Grace, who examined claimant at employer's request in January 2004, June 2004, August 2005, and December 2007, employer voluntarily agreed that claimant's fall resulted in a lumbar back injury equal to a 10% whole impairment. The Department approved a settlement of $36,255 that resolved the indemnification for claimant's lower back injury but left open her claims for present and future medical expenses and vocational rehabilitation for her back injury, as well as her claims for alleged injuries to her neck, shoulders, knees, and hips.

In July 2009, claimant filed a revised claim asserting that the January 2003 fall injured her knees and the cervical and thoracic areas of her spine, in addition to her lumbar spine. The claim was accompanied by a report from her chiropractor, who first examined claimant in April 2009. Following a hearing, the Commissioner ordered employer to pay (1) all reasonable and necessary medical services and supplies related to claimant's lumbar spine injury; (2) permanent partial disability benefits in accordance with a 3% whole person impairment with respect to claimant's left hip; and (3) specified costs and attorney's fees. The Commissioner, however, rejected claimant's requests for compensation for injuries to her knees and the cervical and thoracic areas of her spine.

The certified question on appeal is whether the Commissioner erred by not awarding claimant permanent partial disability benefits for her thoracic spine injury. Claimant does not dispute that the thoracic spine injury is a pre-existing degenerative disc disease that in her case was caused or aggravated by automobile accidents in 1986 and 2001; however, she contends that the evidence does not support the Commissioner's conclusion that while the January 2003 fall may have temporarily exacerbated her symptoms concerning the thoracic injury, she returned to her pre-injury baseline condition after the January 2003 fall, which did not advance the underlying disease in any way. Claimant acknowledges Dr. Grace's testimony that after her fall she returned to her baseline condition with respect to her thoracic injury, but she maintains that

his opinion in this regard has no value as expert medical opinion because "it boils down to the doctor simply repeating as medical opinion what he believed the patient told him 6 years earlier."

In making this argument, claimant has a highly deferential standard of review to overcome. "Our review in a direct appeal from a decision by the Commissioner of Labor and Industry is limited to questions of law certified by the Commissioner." Cehic v. Mack Molding, Inc., 2006 VT 12, ¶ 6, 179 Vt. 602 (mem.) (citing 21 V.S.A. § 672). Accordingly, we will overrule the Commissioner's decision based on her findings "only where those findings have no evidentiary support in the record or where the decision is based on evidence so slight as to be an irrational basis for the result reached." Id. (quotation omitted). "Where the Commissioner's conclusions are rationally derived from the findings and based on a correct interpretation of the law, we will affirm." Id. (quotation omitted). Claimant does not come close to meeting this standard here. Dr. Grace's medical opinion that claimant's thoracic spine injury had returned to a pre-fall baseline condition by January 2004, which the Commissioner found persuasive, was not based on his recollection as to what claimant told him six years earlier, but rather on his expertise as to how such conditions generally resolve themselves and on claimant's own contemporaneous statements to him during a January 2004 examination, which he noted in his report on that examination. There is more than sufficient evidence to demonstrate that claimant was being treated for her thoracic spine injury right up until the time of her January 2003 fall, and that, by January 2004, the injury had stabilized to a pre-fall baseline condition. Thus, the Commissioner's decision to deny claimant benefits for her progressively degenerative thoracic condition is supported by our holding that the "[m]ere continuation or even exacerbation of symptoms, without a worsening of the underlying disability, does not meet the causation requirement" for work-related compensation. Stannard v. Stannard Co., 2003 VT 52, ¶ 11, 175 Vt. 549 (mem.). Finally, claimant's reliance upon an earlier Department decision, Dewey v. Copley Hospital, Opinion No. 31-04WC (Sept. 14, 2004), available at: http://www.labor. vermont.gov/Default.aspx?tabid=554, is misplaced because that case involved compensation for a work injury that accelerated a pre-existing dormant condition.

Affirmed.

BY THE COURT:


_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

2