*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-464

MAY TERM, 2014

| | | |
|---|---|---|
| Memphremagog Rentals | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Daniel Kelley | } | DOCKET NO. 430-12-12 Oscv |

Trial Judge: Howard E. VanBenthuysen

In the above-entitled cause, the Clerk will enter:

Tenant in this eviction action appeals pro se from a judgment in favor of landlord Memphramagog Rentals. We affirm.

The trial court's findings may be summarized as follows. The parties entered into a written lease agreement in March 2010 for an apartment rental in Newport "for at least twelve consecutive months for $350 per month." On October 5, 2012, landlord delivered a written notice to tenant that the tenancy would terminate, without cause, on December 5, 2012. On November 2, 2012, landlord delivered a second notice to tenant stating that the tenancy would terminate on December 6, 2012, for causing damage to the apartment and violating the lease restriction on pets. The second notice stated that it did not "cancel out any previous notices," but rather was for "independent breaches of the lease."

Tenant remained in the apartment, and landlord filed a complaint for ejectment on December 17, 2012. Although the initial complaint sought termination for breach of the lease agreement, the court later granted landlord's motion to amend the complaint to add a count of no-cause eviction. Tenant filed a counterclaim alleging breach of the warranty of habitability and seeking $200,000 in damages.

Landlord moved for summary judgment on the no-cause eviction count. Tenant opposed the motion, and the court held a hearing on the motion in September 2013. The court issued a written decision the following month in favor of landlord. The court found that tenant admitted receiving the no-cause notice of termination. Assuming, as tenant argued, that his written lease was still in effect, the court concluded that the termination notice in October 2012 amply complied with the provision of the Residential Rental Agreements Act requiring at least a 60-day notice of termination before the end of the next tenancy period in March 2013 such that eviction in October 2013 was proper. See 9 V.S.A. § 4467(e) ("The notice to terminate for no cause shall be at least 60 days before the end or expiration of the term of the rental agreement if the tenancy has continued for more than two years.").

The court further found that: tenant had adduced no evidence to support his claim that the lease entitled him to stay in the apartment forever so long as he paid his rent; the notice of termination was adequate; service of the complaint was admitted; and tenant's claims that he had been assaulted by landlord and was the victim of a conspiracy between landlord and others were unsupported and immaterial. Accordingly, the trial court concluded that landlord was entitled to judgment on the eviction claim. The court deferred to trial tenant's counterclaim for breach of the warranty of habitability.

The court (Judge VanBenthuysen) subsequently referred a motion to disqualify him to the Administrative Judge, who issued a written decision denying the motion. The Administrative Judge found that the reasons advanced by tenant principally involved disagreements with the court's rulings, which did not constitute a valid basis for disqualification and demonstrated no bias against tenant. See Luce v. Cushing, 2004 VT 117, ¶ 23, 177 Vt. 600 (mem.) (noting that prejudice is not established merely by showing the existence of "adverse rulings, no matter how erroneous or numerous" (quotation omitted)).

The trial court commenced an evidentiary hearing on the tenant's counterclaim on November 18, 2013, but subsequently dismissed the claim for lack of prosecution when tenant failed to return after a recess. A writ of possession and final judgment in favor of landlord issued on November 26, 2013.

Although tenant's pro se appellant's brief sets forth at least twenty separately captioned and argued claims, many are repetitive, and do not meet minimal standards for the application of meaningful appellate review through clear and concise citations to relevant portions of the record showing that the claim was preserved, or supporting facts and legal authorities, as required by V.R.A.P. 28(a); see Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (declining to address argument where, "[e]ven with the wider leeway accorded to pro se litigants," appellant's argument did not meet "minimum standards" under V.R.A.P. 28(a) (quotation omitted)). To the extent that tenant's claims may be parsed, and concern issues raised by tenant and addressed by the courts below, they demonstrate no error in the trial court's findings and conclusions in support of the judgment of eviction, the Administrative Judge's denial of the disqualification motion, or the trial court's dismissal of tenant's counterclaim. See Farris v. Bryant Grinder Corp., 2005 VT 5, ¶ 11, 177 Vt. 456 (noting that it is appellant's burden to demonstrate trial court error and resulting prejudice).

Most of tenants' arguments are irrelevant to the legal issue before us. Tenant identifies various allegedly false claims by landlord in connection with landlord's attempt to evict tenant with cause. Because the court ultimately granted the eviction without cause, the validity of landlord's claims concerning alleged breaches of the rental agreement are not relevant to the court's judgment on the no-cause eviction. Tenant argues at length about his reasonableness in offering to accept alternate housing, about landlord's owner's alleged assault of him, and about landlord's commercial motives in evicting him—all allegations that are irrelevant to the legal merits of landlord's no-cause eviction. Tenant's personal invective and allegations against the trial court judge, landlord's owner, landlord's owner's lawyer, and local law enforcement officers do nothing to advance his legal cause in this case. And he is not entitled to a jury trial; he presented no evidence to create any issue of material fact as to his eviction, and failed to prosecute his counterclaims for breach of the warranty of habitability.

To the extent tenant argues that the October 2012 notice of eviction without cause was withdrawn, or that landlord did not timely file suit based on that notice, his argument is contradicted by the undisputed evidence. The November 2012 notice reflected on its face that it did not supersede the

prior notice, see 9 V.S.A. §4467(i), and landlord filed suit within weeks of the termination date reflected on the notice, id. § 4467(k).

To the extent that tenant reiterates his counterclaims, he forfeited the right to pursue those claims by knowingly and deliberately failing to attend the hearing in connection with his case. See V.R.C.P. 41(b)(2) (trial court may dismiss claim due to failure to prosecute or to comply with rules of civil procedure or any order of the court); McCleery v. Wally's World, Inc., 2007 VT 140, ¶ 11, 183 Vt. 549 (mem.).

More to the point, we reject tenant's argument that the underlying written rental agreement for a twelve-month tenancy beginning March 2010 precluded landlord from ever evicting him without cause—even following expiration of the twelve months. As a matter of law, we cannot construe his lease agreement as conveying a permanent right to occupy the premises as long as he continued to pay the rent established in March 2010. The term of the rental agreement, "at least twelve consecutive months," recognized the possibility, that came to pass, of tenant holding over beyond twelve months; it did not convey to tenant a lifetime leasehold in the premises not subject to termination without cause, and subject only to his obligation to pay rent. We need not decide whether landlord could have evicted tenant without cause during the initial twelve-month period referenced in the lease; thereafter, given tenant's assertion that his lease was subject to a written rental agreement, he was subject to eviction without cause upon 60 days' notice. See 9 V.S.A. § 4467(e).[1]

We further reject tenant's claim of insufficient process. The record reflects that the summons and complaint were tacked to tenant's door pursuant to a duly-issued tack order, and that he received it. V.R.C.P. 4(d)(1).

For the above reasons, we affirm the trial court's judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

---

[1] Tenant does not argue that because he was a month-to-month holdover tenant, he did not have a written rental agreement for a specified term and was thus subject to the termination provisions governing in the absence of a written rental agreement. 9 V.S.A. § 4467(c). We accordingly do not reach that question or analyze it through that lens. We review the trial court's ruling in light of the arguments tenant has made, to the extent that we can discern them.